UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO RAMIREZ,<br><br>    Plaintiff,<br><br>v.<br><br>KHALE, et al.,<br><br>    Defendant. | 1:22-cv-01653-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S CONSTRUED MOTION TO RECUSE<br><br>(Doc. No. 12) |

Pending before the Court is Plaintiff's construed motion for the undersigned to recuse herself as the United States Magistrate Judge from this action. (Doc. No. 12). Plaintiff, a prisoner, has a pro se complaint pending, which he filed on December 30, 2022. (Doc. No. 1). The single page motion is disjointed. Plaintiff only asks, "to remove Helen BK out of the case" because Plaintiff does not want her "dueing [sic] the wrong thing." (Doc. No. 12 at 1:3-4).

Whether a federal judge must recuse oneself is governed by 28 U.S.C. § 455. Title 28 U.S.C. § 455 provides that a "magistrate judge shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a). "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455(a) is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Holland*, 519 F.3d 909, 913 (9th

1

Cir. 2008); *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted).  The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer."  *Holland,* at 913.  "The standard "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'"  *Holland*, 519 F.3d at 913.

The court's analysis is "fact-driven" requiring "an independent examination of the unique facts and circumstances of the particular claim at issue."  *Id*. at 914 (citation omitted).  Thus, "except in the "rarest of circumstances," recusal under § 455(a) is limited to "extra judicial source" factors requiring the reason for recusal to be "something other than rulings, opinions formed or statements made by the judge during the course of trial."  *Id*. (citing *Liteky v. United States,* 510 U.S. 540, 554–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

Applying these principles to the instant matter, the Court declines to recuse itself from this case.  Notably, Plaintiff identifies no reasons, yet alone identifying any extra judicial source factors, to warrant the Court recusing itself.  The Court will issue a screening order under 28 U.S.C. § 1915A in due course.

According, it is **ORDERED**:

Plaintiff's construed motion for the Court to recuse itself (Doc. No. 12) is DENIED.

Dated:     February 16, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2